UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| THOMAS J. BARTELHO, | ) |
| Petitioner, | ) ) ) |
| v. | ) 2:95-cr-00029-DBH-1 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Thomas J. Bartelho has filed a "Common Law Writ of Audita Querela, and for Prohibition, Mandamus, Coram Nobis, Coram Vobis, Bail, and for any Other Extraordinary Relief, Including, But Not Limited to Declaratory Judgment as to the Satisfaction of Judgment." (Motion, ECF No. 107.) In substance, Petitioner's filing is simply a "second or successive" petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1]

Petitioner argues that he is entitled to relief based in part on the recent cases of *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Peugh v. United States*, 133 S. Ct. 2072 (2013); and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). (Motion at 2.) He also contends that because he is challenging a fine, special assessment and/or restitution, section 2255 is an inadequate remedy. (Motion at 3, 13-14.) The Government has requested summary dismissal of the motion. (Response, ECF No. 115.) After a review of the motion and the record, and after consideration of

---

[1] As explained below, this is Petitioner's third 28 U.S.C. § 2255 petition, and he has twice before unsuccessfully requested permission from the First Circuit to file a successive petition.

the parties' arguments, the recommendation is that the Court dismiss the motion as it is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).[2]

Petitioner has previously filed two motions pursuant to 28 U.S.C. §2255, and on two occasions he has unsuccessfully requested leave from the First Circuit to file a second or successive section 2255 motion. Petitioner first filed a section 2255 motion in September 1999. This Court denied relief. *See Bartelho v. United States*, No. 2:99-cv-00299-DBH, 2000 WL 761787, 2000 U.S. Dist. Lexis 2430 (D. Me. Jan. 3, 2000). The First Circuit affirmed the denial of section 2255 relief, and certiorari was denied. *See Bartelho v. United States*, No. 00-1436, 13 F. App'x 12 (1st Cir. 2001), *cert. denied*, 535 U.S. 1006 (2002).

Petitioner filed his second section 2255 motion in February 2005. After this Court determined that Petitioner's filing was a second section 2255 motion subject to the gatekeeping provisions of 28 U.S.C. § 2244, this Court dismissed the motion. *See Bartelho v. United States*, Nos. 2:05-cv-00027-DBH, 2:95-cr-00029-DBH-1, 2005 WL 757600, 2005 U.S. Dist. Lexis 6046 (D. Me. Mar. 11, 2005) (recommended decision). (Order adopting, No. 2:05-cv-00027-DBH, at ECF No. 4.) Both this Court and the First Circuit declined to issue a certificate of appealability. (No. 2:05-cv-00027-DBH, ECF Nos. 4, 9, 12; First Circuit Docket No. 05-1517.)

---

[2] Title 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In September 2006, Petitioner filed in the First Circuit for permission to file a successive motion pursuant to section 2255. (First Circuit Docket No. 06-2298.) In October 2006, the First Circuit denied the request. (*Id.*) In August 2009, Petitioner again filed in the First Circuit for permission to file a successive motion pursuant to section 2255. (First Circuit Docket No. 09-2087.) In September 2009, the First Circuit denied the request. (*Id.*)

The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). This Court thus lacks jurisdiction over the pending motion unless and until Petitioner obtains leave to file the motion in accordance with sections 2244(b)(3)(A), 2255(h). *See also* First Circuit Local Rule 22.1.

The record lacks any evidence to suggest that Petitioner has obtained permission to file the pending motion. To the contrary, a review of the record reveals that on two prior occasions the First Circuit denied Petitioner's request to file a second section 2255 motion. Because Petitioner's motion is a second or successive section 2255 motion, and because Petitioner has not obtained permission from the First Circuit to file the motion, Petitioner cannot prosecute the motion in this Court.

## CONCLUSION

Based on the foregoing analysis, in accordance with the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is (1) that the Court dismiss Petitioner's motion (ECF No. 107), and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

In his motion, Petitioner also requests that the Court appoint counsel to represent him in this matter. Given that Petitioner's filing is a second or successive section 2255 motion over which this Court has no jurisdiction, the interests of justice do not warrant the appointment of counsel. Petitioner's request for the appointment of counsel, therefore, is denied. 18 U.S.C. § 3006A.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.
Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of November, 2014.