UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS J. BARTELHO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:95-cr-00029-DBH |
| | ) | 2:16-cv-00340-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Thomas J. Bartelho filed a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF Nos. 158, 171.)[1] The First Circuit granted Petitioner leave to file the motion "to pursue in the district court a challenge to his 'career offender' designation based on [*Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015)]." (*Bartelho v. United States*, No. 15-1996 (1st Cir. Nov. 17, 2017).)[2]

---

[1] The motions docketed at ECF Nos. 158 and 171 are addressed and referenced in this recommended decision as one 28 U.S.C. § 2255 motion.

[2] The First Circuit noted that its decision to grant Petitioner leave to pursue a second or successive section 2255 motion was in accordance with its decisions in *Hardy v. United States*, 871 F.3d 85 (1st Cir. 2017), and *Moore v. United States*, 871 F.3d 72 (1st Cir. 2017). (*Bartelho v. United States*, No. 15-1996 (1st Cir. Nov. 17, 2017).) The Court also observed that in *Moore*, it charged the district court with "'decid[ing] in the first instance . . . whether the pre-*Booker* [*United States v. Booker*, 543 U.S. 220 (2005)] guidelines fixed [the petitioner's] sentencing range in the relevant sense that the [Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA)] fixed sentences . . . .'" (*Id.*) (quoting *Moore*, 871 F.3d at 84). The Court explicitly expressed no opinion as to whether Petitioner's claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (referred to in *Moore* and other published opinions as "*Johnson II*"), has merit; whether the claim is timely and/or procedurally defaulted; or whether the motion contains any additional claims that present gatekeeping issues under 28 U.S.C. § 2255(h). (*Id.*)

Following a review of the motion and the record, and after consideration of the parties' arguments, I recommend the Court dismiss the motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted in 1996 on three counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), § 2 (Counts 1, 3, 5); three counts of using and carrying firearms in relation to a crime of violence, 18 U.S.C. § 924(c)(2), § 2 (Counts 2, 4, 6); and one count of interference with commerce by threats of violence, 18 U.S.C. § 1951 (Hobbs Act), § 2 (Count 7). (Judgment, ECF No. 70 at 1, 1.01.)

The Court sentenced Petitioner to a total prison term of 278 months on Counts 1, 3, 5, and 7, and to a total prison term of 45 years on Counts 2, 4, and 6, to be served consecutively to the 278-month prison term. (*Id.* at 2.) The prison terms were to be followed by supervised release of five years on Counts 1, 3, and 5, and three years on Counts 2, 4, 6, and 7, to be served concurrently. (*Id.* at 3.)

The Court noted the parties' disagreement as to whether two prior Rhode Island convictions for breaking and entering qualified as crimes of violence for purposes of Petitioner's career offender status under USSG § 4B1.1. (Sentencing Tr., ECF No. 181 at 34-35.) The Court found the convictions were crimes of violence under the residual clause contained in the version of USSG § 4B1.2 in effect when Petitioner was sentenced in 1996. (*Id.* at 35-38.) The Court observed the issue was "a close question," based on First Circuit *dicta*, and the Court also explicitly found that an obstruction of justice enhancement and a

multiple-count adjustment together supported the guidelines sentence, independent of the career offender finding.[3] (*Id.* at 35-40.) The Court stated:

> I therefore make two alternative findings. First, that Mr. Bartelho is a career offender because of the two previous crimes of violence. As a result, the total offense level is 34, together with a criminal history of Category VI. If the First Circuit changes its view concerning the definition of crime of violence as expressed in the dictum that I've described, then I find in the alternative that the total offense level after the multiple count adjustment and given my finding of obstruction of justice is 33. The Category VI criminal history still applies because Mr. Bartelho satisfies Category VI by calculation of points independently of any career offender status.

(*Id.* at 40.)

The Court determined that the career offender guidelines range was from 262 to 327 months, based on a total offense level of 34 and a criminal history of Category VI. (*Id.* at 40, 42.) However, the Court alternately determined the guidelines calculation as if the Court were sentencing Petitioner on a previous felon-in-possession conviction and Counts 1, 3, 5, and 7 together.[4] (*Id.* at 42-43.) The Court concluded that a guidelines range of 235 to 293 months applied, based on a total offense level of 33 and a criminal

---

[3] At sentencing, the Court noted it was following *dicta* in *United States v. Gary*, 74 F.3d 304 (1st Cir. 1996), and *United States v. Payne*, 966 F.2d 4 (1st Cir. 1992), in its analysis of whether Petitioner's two Rhode Island breaking and entering convictions qualified as career offender crimes of violence under the then-valid residual clause of USSG 4B1.2(1)(ii). (Sentencing Tr., ECF No. 181 at 36-39.) After *Johnson*, the First Circuit's decisions in *Gary*, 74 F.3d at 316 (holding that breaking and entering was a crime of violence under USSG § 4B1.4, based on the residual clause, USSG § 4B1.2(1)(ii)), and *Payne*, 966 F.2d at 8-9 (holding that Massachusetts attempted breaking and entering was a violent felony under the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii)), are no longer sound precedent as to the issue of the residual clause. *Gary* and *Payne* are mentioned here simply to identify the Court's reason, in Petitioner's case, for conducting an alternate guidelines calculation, *i.e.*, a calculation that was not based on the Court's career offender residual clause finding.

[4] Petitioner's previous felon-in-possession conviction is docketed in this Court at No. 2:94-cr-00050-DBH, ECF No. 39. The First Circuit affirmed the conviction. *United States v. Bartelho*, 71 F.3d 436, 438 (1st Cir. 1995).

3

history of Category VI. (*Id.* at 42-43.) The Court noted that the total offense level of 33 was based on the obstruction of justice enhancement and a multicount adjustment of the felon-in-possession count and Counts 1, 3, 5, and 7. (*Id.* at 40, 42-43.)

The Court then determined the prison term of 278 months on Counts 1, 3, 5, and 7 as follows: The Court's calculation began from the high end of the 235 to 293 month range that applies to a total offense level of 33 and a criminal history Category VI. The Court subtracted 120 months from the high of 293 months to account for the 10-year (120-month) term on the felon-in-possession charge on which Petitioner had already been sentenced, to arrive at the 173 month (293 – 120 = 173) portion of the guidelines term that would have been served consecutively to the felon-in-possession charge if all charges had been sentenced at the same time. (*Id.* at 43.) The Court noted Petitioner had served about fifteen months of the felon-in-possession sentence; the Court thus imposed a 278-month guidelines term (293 – 15 = 278), to commence on the date of sentencing, on Counts 1, 3, 5, and 7. (*Id.* at 41, 43.) The 45-year prison term on Counts 2, 4, and 6 was to be served consecutively to the 278-month term. (*Id.* at 43.)

Petitioner initially filed the *Johnson* claim on August 28, 2015, in the First Circuit, in an application for leave to file a second or successive section 2255 motion.[5] (*Bartelho v. United States*, No. 15-1996, First Circuit Docket Record.) In June 2016, Petitioner filed

---

[5] The procedural history of Petitioner's prior requests for collateral relief is described in an April 2015 recommended decision. (Recommended Decision, ECF No. 130; Order Affirming, ECF No. 137.) The First Circuit denied Petitioner's challenge to this Court's order affirming the April 2015 recommended decision. (*Bartelho v. United States*, No. 15-1988 (Dec. 8, 2016).)

4

a section 2255 motion in this Court, and he moved to stay the matter pending authorization from the First Circuit. (Motion, ECF No. 158 at 1.)

In November 2017, the First Circuit granted the application, and ordered the matter transferred to this Court for filing as a section 2255 motion. (*Bartelho*, No. 15-1996 (1st Cir. Nov. 17, 2017) at 2.) The Court directed the motion to be "deemed filed in the district court on the date petitioner's *original* second or successive application was filed" in the First Circuit. (*Id.*) The *Johnson* claim, therefore, is deemed filed in this Court on August 28, 2015. In accordance with the First Circuit's order regarding the transfer of the matter to this Court, Petitioner's amended application to the First Circuit for authorization to file a second or successive section 2255 motion was filed in this Court as Petitioner's section 2255 motion. (Amended Application, ECF No. 171.)

Petitioner's *Johnson* claim is based on the premise that he was sentenced as a career offender under the sentencing guidelines, USSG § 4B1. (Reply, ECF No. 184 at 1.) He contends that under *Johnson*, he is entitled to relief from the sentence because his career offender status was determined before *United States v. Booker*, 543 U.S. 220 (2005), and thus the Supreme Court's decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), does not preclude relief.

## II. DISCUSSION

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague.[6]

---

[6] The Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), at issue in *Johnson* provides in relevant part that a defendant "who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent

5

*Johnson*, 135 S. Ct. at 2557. In *Beckles*, the Supreme Court held that *Johnson* does not apply to career offender sentences imposed after the sentencing guidelines became advisory, *i.e.*, after the Supreme Court's 2005 decision in *Booker*:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.' This Court held in [*Johnson*] that the identically worded residual clause in the [ACCA] was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles*, 137 S. Ct. at 890, 894 (quoting USSG § 4B1.2(a)(2)).[7]

---

felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) provides:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives, is known as the "enumerated offenses" clause; and the remainder of section 924(e)(2)(B)(ii), *i.e.*, the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017).

In *Johnson*, the Court left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.

[7] The career offender provision of the sentencing guidelines, USSG § 4B1.1, provides in relevant part: "A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a

As the First Circuit noted in its order granting Petitioner leave to file a successive section 2255 motion, the First Circuit in *Moore* charged the district court with deciding

> in the first instance if it is appropriate to consider Moore's vagueness challenge as applied or categorically and, in either event, whether the pre-*Booker* guidelines fixed Moore's sentencing range in the relevant sense that the ACCA fixed sentences.

*Moore*, 871 F.3d at 84. (*Bartelho*, No. 15-1996 (1st Cir. Nov. 17, 2017).) Here, Petitioner contends he was sentenced as a career offender under the sentencing guidelines before *Booker* and is thus entitled to relief.

Unlike in *Moore*, and contrary to Petitioner's argument, Petitioner was not ultimately sentenced as a career offender under the guidelines. As explained above, although the Court concluded Petitioner was a career offender, because the Court considered the career offender issue to be "a close question" (Sentencing Tr. at 38), the Court made a separate, alternative finding that served as the basis for the sentence. (Sentencing Tr. at 38-40.) That is, the Court made "two alternative findings." (*Id.* at 40.)

---

crime of violence or a controlled substance offense." USSG § 4B1.1 (now § 4B1.1(a)). Then-section 4B1.2(1) provided at the time of Petitioner's sentencing:

> The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that –
>
> (i)        has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii)       is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

After *Johnson*, the residual clause was deleted from section 4B1.2. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). However, the amendment does not apply retroactively. USSG § 1B1.10; *United States v. Strevig*, 663 F. App'x 908, 912 (11th Cir. 2016) (per curiam) ("The Sentencing Commission . . . has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment.").

7

In addition to the career offender finding, which would have resulted in a total offense level of 34, the Court found, independent of Petitioner's career offender status, a total offense level of 33, based on an enhancement for obstruction of justice, pursuant to USSG § 3C1.1, and a multiple-count adjustment, pursuant to USSG § 3D1.4. (*Id.* at 39-40.) In both instances, the Court found Petitioner had criminal history category of VI. (*Id.* at 40.)

The guidelines sentencing range for a total offense level of 34 with a criminal history category of VI was 262 months to 327 months; the range for a total offense level of 33 with a criminal history category of VI was 235 to 293 months. As outlined above, a review of the transcript reveals that in its sentencing analysis, the Court clearly used the range for a total offense level of 33 (*i.e.*, the non-career offender range).[8] (*Id.* at 43.)

The First Circuit has held that a petitioner who cannot show that the sentence was based solely on the residual clause is not entitled to relief under *Johnson*. *See Dimott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018) ("The petitioners have no [*Johnson*] claims because they have not shown that their original ACCA sentences were based solely on the residual clause."); *United States v. Lynn*, 851 F.3d 786, 795 n.17 (7th Cir. 2017) (concluding *Beckles* did not apply to the petitioner, because he was sentenced under the force clause of

---

[8] The written Statement of Reasons provides that the total offense level was 34, and the guidelines range was 262 to 327 months. When there is a discrepancy between the Court's oral and written statements at sentencing, the Court's oral statements control. *See United States v. Marchena-Silvestre*, 802 F.3d 196, 199 n.1 (1st Cir. 2015) ("Our court has generally given controlling weight to the district court's oral explanation of a sentence when it differs from its written explanation."). In this case, at the start of the sentencing calculation, the Court described the range as between 235 and 293 months, began the calculation with the 293 months, and noted that it was looking at the "high end of the guideline range." (Sentencing Tr. at 43.)

Petitioner concedes that a range of 235 to 293 months was the correct range in his case. (Amended Application, ECF No. 171 at 38-39.)

USSG § 4B1.2(a), rather than the residual clause). Because the Court determined Petitioner's guidelines range on Counts 1, 3, 5, and 7 independent of its career offender finding, Petitioner cannot demonstrate his sentence on those counts was due solely to the career offender residual clause, and *Johnson* does not apply.[9] *See Dimott*, 881 F.3d at 234. Because Petitioner is not entitled to relief under *Johnson*, pursuant to 28 U.S.C. § 2244(b)(4),[10] dismissal of Petitioner's motion is appropriate.[11]

---

[9] The *Johnson* career offender residual clause issues the First Circuit identified for the district court to consider in *Moore*, 871 F.3d at 84, (e.g., "whether the pre-*Booker* guidelines fixed Moore's sentencing range in the relevant sense that the ACCA fixed sentences"), are not relevant to Petitioner's case, because Petitioner's sentence was not determined by the pre-*Booker* career offender residual clause. Petitioner, therefore, would not be entitled to relief, regardless of how the issues identified in *Moore* are eventually decided. *See United States v. Hall*, No. 2:02-cr-00063-DBH (D. Me. Dec. 21, 2017) (ECF No. 80, order affirming; ECF No. 79, recommended decision) (noting the issue of whether *Johnson* invalidates the pre-*Booker* sentencing guidelines residual clause has not been decided, but it need not be resolved in Hall's case, because regardless of how the Court ruled on the issue, the petitioner would qualify as a career offender under the force clause).

[10] Title 28 U.S.C. § 2244(b)(4) provides: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *See Moore*, 871 F.3d at 85 (citing section 2244(b)(4)). In the absence of a *Johnson* claim, Petitioner's motion fails to meet the requirement, set forth in section 2255(h)(2), that the motion rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See United States v. Murphy*, 887 F.3d 1064, 1068 n.1 (10th Cir. 2018) (noting that "'in the context of a [§] 2255 motion, the phrase "the requirements of this section" in [§] 2244(b)(4) refers to the requirements set out in [§] 2255'") (quoting *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 n.4 (9th Cir. 2000)); *United States v. Wiese*, --- F.3d ---, ---, 2018 WL 3540892, at *5, 2018 U.S. App. Lexis 20433, at *11-12 (5th Cir. July 23, 2018) (holding "the district court did not have jurisdiction to reach the merits" of a *Johnson* motion, because "*Johnson* only applied to the residual clause and cannot be used to attack sentences under the enumerated offenses clause").

[11] The First Circuit did not authorize any other claims when it granted Petitioner leave to file the second or successive section 2255 motion. Petitioner included an additional *Johnson*-related argument regarding whether his armed bank robbery and Hobbs Act robbery offenses were crimes of violence for purposes of his sentencing under USSG § 4B1.1(2) (now § 4B1.1(a)(2)) ("instant offense" must be a crime of violence or a controlled substance offense) and 18 U.S.C. § 924(c). (Motion, ECF No. 171 at 13-14, 28-33, ECF No. 158 at 3; Reply, ECF No. 184 at 6-8.)

Although it appears the First Circuit authorization relates to the career offender portion of the sentence only, and the Court did not authorize claims arising out of the 45-year consecutive section 924(c) sentence on Counts 2, 4, and 6, any distinction is irrelevant, because Petitioner concedes that this Court is bound by the First Circuit's decision in *Hunter v. United States*, 873 F.3d 388 (1st Cir. 2017) (holding that

## III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any

---

federal bank robbery and federal armed bank robbery are crimes of violence under the force clause of § 924(c)(3)). (Reply at 7-9.) *Hunter* forecloses the argument as to Counts 1 through 6.

Regarding Petitioner's Hobbs Act argument, although it appears the First Circuit has not yet decided the issue, this Court has concluded a Hobbs Act robbery is a crime of violence under the force clause of section 924(c). *United States v. Hernandez*, 228 F. Supp. 3d 128, 138, 140-41 (D. Me. 2017); *United States v. Williams*, 179 F. Supp. 3d 141, 153 (D. Me. 2016); *see also United States v. Nguyen*, No. 16-3311, --- F. App'x ---, 2018 WL 3633094 (10th Cir. July 31, 2018) (holding that a Hobbs Act robbery is a crime of violence under the force clause, which the Court referred to as the elements clause, of section 924(c)).

Petitioner also argues in his reply that his sentence of 278 months for the Hobbs Act offense was illegal because it exceeded the statutory maximum of 20 years under 18 U.S.C. § 1951. (Reply at 6.) The issue of the statutory maximum sentence on Count 7 was not authorized by the First Circuit. Furthermore, it appears the argument regarding the statutory maximum is intended to be contingent upon a successful *Johnson* claim and resentencing. Because Petitioner is not entitled to relief under *Johnson*, he will not be resentenced.

request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 8th day of August, 2018.