# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:95-cr-29-DBH |
| | ) | |
| THOMAS J. BARTELHO, | ) | |
| | ) | |
| Defendant/Petitioner | ) | |

# ORDER ON DEFENDANT'S MOTIONS

The motion for Relief under Fed. R. Civ. P. 59(e) (ECF No. 189) and the request that judicial notice be taken (ECF No. 190) are both **Denied**. The Court of Appeals for the First Circuit authorized this defendant's second or successive 28 U.S.C. § 2255 motion on the issue of whether his conviction and sentencing in 1996 for armed bank robbery, using and carrying firearms in relation to a crime of violence, and interfering with commerce by threats of violence were subject to challenge based upon an improper career offender designation, given the reasoning of the later Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). See Bartelho v. United States, No. 15-1996 (1st Cir. Nov. 17, 2017) (ECF No. 168). But as Magistrate Judge Nivison explained in a carefully worded recommendation (ECF No. 185) that I adopted (ECF No. 188), I expressly disclaimed controlling reliance on career offender status in determining the defendant's sentence in 1996 because I considered First Circuit law on the issue at that time to be uncertain, "a close question." (See ECF No. 185 at 7, quoting my 1996 sentencing ruling.) Therefore, I based the 1996

sentence on an alternative, conventional Guideline analysis that did not depend on career offender status. (See Judge Nivison's Recommended Decision (ECF No. 185) at 3, quoting my 1996 sentencing ruling) ("I find in the alternative that the total offense level after the multiple count adjustment and given my finding of obstruction of justice is 33. The Category VI criminal history still applies because Mr. Bartelho satisfies Category VI by calculation of points independently of any career offender status."). Under First Circuit authority, that alternative rationale is fatal to the defendant's Johnson claim. See Dimott v. United States, 881 F.3d 232, 234 (1st Cir. 2018) ("The petitioners have no [Johnson] claims because they have not shown that their original ACCA sentences were based solely on the residual clause.").

Accordingly, the motions are **DENIED**.

**SO ORDERED.**

**DATED THIS 5TH DAY OF NOVEMBER, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**