UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| ) | |
| v.                                             ) | CRIMINAL NO. 2:95-CR-29-DBH |
| ) | |
| THOMAS J. BARTELHO,          ) | |
| ) | |
| DEFENDANT     ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In 1995 and 1996, I sentenced Thomas Bartelho to 278 months, plus 45 years consecutive, for a variety of crimes, most of which involved violence or the threat of violence. Nos. 2:94-cr-50-DBH, 2:95-cr-29-DBH. Although the first sentence affected the second sentence, Bartelho has served the entirety of the first sentence and now is serving the second sentence.

Bartelho has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] He argues that Congress has substantially altered the previous sentence stacking requirements of § 924(c) that produced his lengthy sentence when I sentenced him in 1996, and that even though Congress did not make those changes retroactive, the compassionate release statute gives a judge discretion to reconsider the stacking while assessing the 18 U.S.C. § 3553(a) factors in the course of ruling on a § 3582(c)(1)(A) motion. He also argues that

---

[1] In light of my ruling on the motion, I have not asked the government to solicit the views of victims of the offenses of which Bartelho was convicted.

his physical condition makes him particularly susceptible to the COVID-19 pandemic, incarcerated as he is at USP Terre Haute, Indiana.

The government concedes that Bartelho has exhausted his administrative remedies under § 3582(c)(1)(A).  I have previously ruled, as have most Circuits, that Guideline 1B1.13 and its Commentary no longer control.  See, e.g., Order on Mot. for Compassionate Release at 2 n.2, United States v. Villalona, No. 2:18-cr-26-DBH-05 (June 25, 2021) (ECF No. 806) (collecting circuits).

In assessing Bartelho's motion and the stacking issue, I follow the recent decisions of the Sixth and Seventh Circuit Court of Appeals in United States v. Thacker, No. 20-2943, 2021 WL 2979530 (7th Cir. July 15, 2021) and United States v. Jarvis, 999 F.3d 442 (6th Cir. 2021).  (The First Circuit has not yet addressed the stacking argument Bartelho makes.)  These cases hold that a defendant must first establish extraordinary and compelling circumstances for relief apart from the stacking issue, and I agree.[2]

On that issue, Bartelho says he "is 54 years old and has chronic/active Hepatitis C.  A (9-18-2000) biopsy revealed clinical diagnoses of early stage cirrhosis; he has a serious [missing word] requiring surgery and has a degenerative bone disease worsening his back condition, and he is obese making him an at risk person for Covid-19."  Mot. at 15.  The government agrees that his obesity and Hepatitis C place him at increased risk.  Gov't's Resp. at 11.  It disagrees that his degenerative bone disease and the condition requiring surgery

---

[2] But see United States v. McGee, 992 F.3d 1035, 1047-48 (10th Cir. 2021); United States v. McCoy, 981 F.3d 271, 285-88 (4th Cir. 2020).

place him at increased risk, saying that the medical records do not suggest an inference of increased risk for those conditions. Id. at n.3.

In any event, Bartelho was offered and declined the Pfizer vaccine in March of 2021. (ECF No. 199-2).[3] Moreover, he previously recovered from asymptomatic COVID-19 in December of 2020. (ECF No. 199-3).[4] The government reports that with the growing number of vaccinations, USP Terre Haute at this point has no active COVID-19 cases. Gov't's Resp. at 14.

I conclude that, even with his increased risk from obesity and Hepatitis C, Bartelho has not made a showing that extraordinary and compelling circumstances related to the threat of COVID-19 exist in his case, given his recovery from COVID-19 and his decision to decline the vaccine. I therefore do not reach the issue whether the First Step Act furnishes a basis to revisit the stacking of sentences that occurred in Bartelho's original sentencing.

I can see that Mr. Bartelho has made progress in prison. I am impressed by the letters from fellow inmates and his daughter, and I congratulate him for that. But while commendable, they do not justify compassionate release on this record.

SO ORDERED.

DATED THIS 30TH DAY OF JULY, 2021

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] In its response, the government provided prison records documenting the refusal. Bartelho has not contradicted them.
[4] The government provided pertinent prison medical records in its response. Bartelho has not contradicted them.